## TEXAS EMPLOYERS' INS. ASS'N v. WALLACE.

### No. 1257.

Court of Civil Appeals of Texas. Eastland.

April 20, 1934.

Rehearing Denied May 11, 1934.

Lawther, Cox & Cramer and Wm: M. Cramer, all of Dallas, for plaintiff in error.

O. E. Nelson and Luther Hoffman, both of Wichita Falls, for defendant in error.

LESLIE, Justice.

This suit was brought by the plaintiff in error, Texas Employers' Insurance Association, to set aside an award of the Industrial Accident Board made in favor of L. L. Wallace. Wallace answered by general denial, and set up the usual cross-action seeking recovery for total, permanent disability and lump-sum payment. The case was tried before the court and jury, and upon the jury's answers to special issues submitted, the trial court rendered a judgment in favor of Wallace for the sum of $6,104.16. From this judgment the association appeals, predicating error upon five assignments of error and seven propositions thereunder.

The injured employee was a rig builder. There was no evidence that he had worked in the character of employment in which he was engaged at the time of his injury for substantially the whole of a year immediately preceding the injury. In response to issues, the jury found from a preponderance of the evidence that employees working as rig builders worked substantially the whole of the year immediately preceding July 8, 1931, in Shackelford county, or in neighboring places, and that the average daily wage of such employees was $12 per day. These findings bring the case definitely within first subdivision 2, § 1, art. 8309, R. S. 1925, for the ascertainment of the employee's average annual wages. This is true, although the jury further found, in response to issue 18, that a daily wage which would be just and fair both to the plaintiff and defendant was $14 per day when working as a foreman, and $12 per day when working as a rig builder.

There is not an assignment or proposition in the plaintiff in error's brief raising the question of no evidence or the sufficiency of the evidence to support the verdict of the jury in response to issues 16 and 17, and those findings fix the amount of the plaintiff's recovery, if any, in this case. Neither assignments 1 and 2, nor propositions 1, 2, 3, 4, and 5, based thereon, raise such questions, and the record does not in other respects raise such points as are sought to be presented by said assignments and propositions. They, therefore, present abstract propositions which we are not called on to consider.

Proposition 6, based on assignment of error No. 3, presents the contention that since Dr. John H. Fletcher was called by the defendant in error Wallace to examine him solely with a view to giving testimony on the trial of the case concerning his injuries, and was offered as a witness by said Wallace, it was error for the trial court to permit said doctor

to testify, over the objections of the insurance association, that, in his opinion, the injured employee was totally and permanently incapacitated to perform labor as a workman, basing such answer in part upon the history of the case as he obtained it from Wallace himself. This opinion testimony, in so far as based on the information or history given by Wallace, was objected to on the ground that it was hearsay and based in part, at least, upon hearsay. The doctor testified in response to Wallace's attorney:

"Q. At my request, did you make an examination of Mr. L. L. Wallace, this gentleman here? A. Yes, sir. * * *

"Q. Did you discuss with the man the nature of his injuries? A. Yes, sir.

"Q. Did you get a history of what had happened to him from him at the same time? A. Yes, sir.

"Q. Did you discuss his subjective symptoms at the time? A. Yes, sir.

"Q. In order that the jury may understand, subjective symptoms are something you can not see but have to get from the patient? A. Subjective symptoms are something the patient tells you. Objective symptoms are something you can see. * * *

"Q. And the opinion you have formed was from your discussion with Wallace, and the X-ray, reports, etc., which were furnished to you by Mr. Wallace, Dr. Kessler's original report of the accident, and your report from Dr. Glover as to what the X-ray showed? A. Yes, sir. * * *

"Q. From the history that you got from Mr. Wallace himself, from the X-rays which were taken and which you read, and from your examination of him, I wish you would tell the jury whether or not at this time you are of the opinion that he is totally incapacitated to perform labor as a workman? A. That's my opinion, that he is totally incapacitated.

"Q. And you are of the opinion that it will be permanent? A. That it is permanent, yes, sir."

We are of the opinion that the foregoing testimony, admitted over said objections, was inadmissible. The doctor's opinion was based in some undetermined measure, and in part, at least, upon hearsay statements made to him by the injured employee. It is a sound rule of law which prohibits the introduction of such testimony. The opinion of an expert should not be permitted to go to a jury when the same is predicated in whole, or in part,

upon the unsworn statement of an interested party who may be tempted to unduly magnify the basis or grounds upon which the validity of the opinion depends. To permit the expert's opinion, based upon such statements pertaining to history of case and subjective symptoms, to go before the jury, would open the door for the grossest fraud by affording the litigant an opportunity to magnify his injuries or suffering and enhance the damages by incompetent, self-serving statements in effect carried before the jury by the expert and bolstered up by his opinion.

We sustain the assignment on the following authorities: Texas & N. O. Ry. Co. v. Stephens (Tex. Civ. App.) 198 S. W. 396; Union Pacific Ry. Co. v. McMican (O. C. A.) 194 F. 393; Shaughnessy v. Holt, 236 Ill. 485, 86 N. E. 256, 21 L. R. A. (N. S.) 826; Greinke v. Chicago City Ry. Co., 234 Ill. 564, 85 N. E. 327; and the numerous authorities cited in each of these opinions.

We do not think the opinion in Armendaiz v. Stillman, 67 Tex. 458, 3 S. W. 678, relied on by defendant in error, has any application to the facts of this case. There the expert witness based his opinion upon a state of facts to which he had heard other witnesses testify. As there stated, the value of his opinion depended upon the existence of those facts and their existence was for determination by the court or jury and not by the expert. The vice in the instant case is in permitting in testimony the opinion of the expert based on unsworn statements relating to the history of the injuries and subjective symptoms. This, we think, distinguishes the instant case from that one.

By the seventh proposition, based on assignments 4 and 5, the plaintiff in error makes the point that Wallace should not have recovered on his cross-action for the following reasons: (1) Because he did not prove the filing of a claim with the Industrial Accident Board within six months after the injury; and (2) did not prove the filing of a claim thereafter with good cause for not filing same up to the day same was filed. The attack here made is directed and limited to the matter of proof of the above facts. The allegations of Wallace's amended answer and cross-action do not appear to predicate the suit on the filing of such claim with the Board within six months after the injuries, but the allegations reflect the purpose of the pleader to present "good cause" for not having done so sooner than he did. An examination of the statement of facts discloses some evidence of the

**834**

existence of such cause; but in view of another trial, and since the judgment must be reversed on other grounds, we desire to call attention to the fact that in such cases the existence of "good cause" for not filing the claim with the Board within six' months after the injury is an issue of the plaintiff (the injured employee) in the cross-action, and upon whom rests the duty of pleading, as well as the burden of proof. Article 8307, § 5, R. S. 1925, as amended by 42d Legislature, p. 378, chapter 224, § 1 (Vernon's Ann. Civ. St. art. 8307, § 5). The necessity of establishing good cause for not filing a claim within six months is reflected by the following authorities: Holloway v. Texas Indemnity Ins. Co. (Tex. Com. App.) 40 S.W.(2d) 75; Ocean Accident & Guarantee Corp. v. Pruitt (Tex. Com. App.) 58 S. W.(2d) 41; New Amsterdam Cas. Co. v. Chamness (Tex. Civ. App.) 63 S.W.(2d) 1058; New Amsterdam Cas. Co. v. Scott (Tex. Civ. App.) 54 S.W.(2d) 175. See, also, Dallas Hotel Co. v. Davison (Tex. Com. App.) 23 S.W.(2d) 708, for the legal effects of waiver of issues essential to recovery.

From what is here said, it is not to be understood that this court is now passing upon the sufficiency of the pleadings to present the issue of good cause, or the sufficiency of the testimony to establish the existence of the same.

For the reasons assigned, the judgment of the trial court is reversed, and the cause remanded.