## REPUBLIC UNDERWRITERS v. LEWIS.

### No. 3098.

Court of Civil Appeals of Texas.
Beaumont.

June 3, 1937.

Darden, Burleson & Wilson, of Waco, and Coe & Coe, of Kountze, for appellant.

J. R. McDougald, of Beaumont, R. M. Briggs, of Kountze, and Gordon, Lawhon, Sharfstein & Bell, of Beaumont, for appellee.

WALKER, Chief Justice.

This is a workmen's compensation case with appellant, Republic Underwriters, the compensation insurance carrier; appellee, John D. Lewis, the employee; and O. W. Collins, the employer. Appellee filed this suit as plaintiff in the nature of an appeal from an adverse award of the Industrial Accident Board. He pleaded the nature and extent of his injuries, the facts entitling him to compensation, the necessary jurisdictional facts, and prayed for judgment for total, permanent disability or, in the alternative, "for such total, permanent, partial and temporary disability as the evidence may show." On the jury's answers to special issues, judgment was entered in favor of appellee against appellant for the sum of $2853.32, to be paid in a lump sum.

■ The case was submitted to the jury on 25 special issues. By issues Nos. 1 to 6a, inclusive, the jury found that, on the 20th day of June 1935, appellee sustained an accidental personal injury, in the course of his employment with O. W. Collins, and that his injury resulted in total incapacity which began on June 20, 1935. We give the following issues:

Special Issue No. 7.

"Do you find from a preponderance of the evidence that such Total Incapacity, if any, of plaintiff, is permanent?

"Answer 'Yes' or 'No.'

"Direction: If you have answered Special Issue Number 7 'Yes,' you Will Not answer either or any of the following Special Issues numbered 8a, 9, 10, and 11, but if you have answered such Special Issue Number 7 'No,' and only in that event, then you will answer the next following Special Issue."

Special Issue No. 8 A.

"How many weeks, if any, do you find from the preponderance of the evidence that such Total Incapacity, if any, of plaintiff did or will continue from and after the beginning of such Total Incapacity if any?

"Answer by stating the number of weeks, if any, in figures.

"If you have answered Special Issue Number Seven, 'No,' and only in that event, then answer the next following Special Issue."

Special Issue No. 9.

"Do you find from the preponderance of the evidence that such injury, if any, sustained by plaintiff resulted in any Partial

Incapacity of plaintiff, as that term has been defined or explained to you in this charge?

"Answer 'Yes' or 'No.'

"Direction: If you have answered Special Issue Number 7 'Yes,' you will not answer the next following Special Issue, but if you have answered Special Issue Number 7 'No' and only in that event, you will then answer the next following Special Issue."

### Special Issue No. 10.

"How many weeks, if any, do you find from the preponderance of the evidence that such partial incapacity, if any, of plaintiff did or will continue from and aft-er the termination, if any, of his total incapacity, if any?

"Answer by giving the number of weeks, if any, in figures.

"Direction: If you have answered Special Issue Number 9 'No,' you Will Not answer the next following Special Issue, but if you have answered Special Issue Number 9 'Yes,' and only in that event, then you Will answer the next following Special Issue."

### Special Issue No. 11.

"From the preponderance of the evidence what percentage of total incapacity do you find such partial incapacity, of plaintiff, if any, to be?

"Answer by stating such percentage in figures."

Appellant excepted to the submission of issue No. 7 on the ground that the court's "direction" given in connection with that issue was an undue limitation on its right to an affirmative submission of the following issues; and it excepted to the submission of the following issues on the ground that they should have been submitted independently of the "direction" given as part of issue No. 7. The following authorities condemn as error the court's charge in the respects assigned by appellant: Texas Indemnity Ins. Co. v. Head (Tex.Civ.App.) 89 S.W.(2d) 283; Traders & General Ins. Co. v. Wimberly (Tex. Civ.App.) 85 S.W.(2d) 343; Traders' & General Ins. Co. v. Forrest (Tex.Civ.App.) 78 S.W.(2d) 987; Traders & General Ins. Co. v. Shanks (Tex.Civ.App.) 83 S.W.(2d) 781; Texas Employers' Ins. Ass'n v. Kelly (Tex.Civ.App.) 71 S.W.(2d) 901; Texas Indemnity Ins. Co. v. Allison (Tex.Civ. App.) 75 S.W.(2d) 999, 1000; Traders

& Gen. Ins. Co. v. Wright (Tex.Civ.App.) 95 S.W.(2d) 753; Texas Employers' Ins. Ass'n v. Horn (Tex.Civ.App.) 75 S.W. (2d) 301; Traders & Gen. Ins. Co. v. Hunter (Tex.Civ.App.) 95 S.W.(2d) 158.

At the request of appellee's counsel, two doctors examined him before the trial "solely for the purpose of testifying and not for treatment"; heard his declarations "as to subjective symptoms," and examined a written report on "radiograph findings" made by another doctor. After receiving this information which, as we understand the record, was not in evidence before the jury and was not given the witnesses in the form of hypothetical questions, they gave their expert opinion as to appellee's "condition, incapacity, and the duration thereof." The testimony of these two doctors was all the testimony before the jury on these issues. This testimony was subject to appellant's exceptions that it was based upon "hearsay" and "self-serving statements" by appellee to the witnesses. In 65 A.L.R. 1219 it is said: "The opinion of a physician or surgeon as to the condition of an injured or diseased person, based wholly or in part on the history of the case, as told to him by the latter on a personal examination, is inadmissible where the examination was made for the purpose of qualifying the physician or surgeon to testify as a medical expert."

The following Texas authorities sustain the rule announced by A.L.R. Texas Employers' Ins. Ass'n v. Wallace (Tex.Civ. App.) 70 S.W.(2d) 832, 833; Texas & N. O. Ry. Co. v. Stephens (Tex.Civ.App.) 198 S.W. 396; Traders & Gen. Ins. Co. v. Rhodabarger (Tex.Civ.App.) 93 S.W.(2d) 1180; Gaines v. Stewart (Tex.Civ.App.) 57 S.W.(2d) 207; Traders & Gen. Ins. Co. v. Wright (Tex.Civ.App.) 95 S.W.(2d) 753, 758. In the Wallace Case the doctor examined the plaintiff at the request of his attorney and discussed with him the nature of his injuries and his subjective symptoms, and got from him a history of his case; he also examined X-ray reports made by another doctor. On this qualification, over the defendant's objections, he gave testimony to the effect that, in his judgment, the plaintiff was totally and permanently incapacitated to perform labor as a workman. Condemning this testimony the court said: "We are of the opinion that the foregoing testimony, ad-

mitted over said objections, was inadmissible. The doctor's opinion was based in some undetermined measure, and in part, at least, upon hearsay statements made to him by the injured employee. It is a sound rule of law which prohibits the introduction of such testimony. The opinion of an expert should not be permitted to go to a jury when the same is predicated in whole, or in part, upon the unsworn statement of an interested party who may be tempted to unduly magnify the basis or grounds upon which the validity of the opinion depends. To permit the expert's opinion, based upon such statements pertaining to history of case and subjective symptoms, to go before the jury, would open the door for the grossest fraud by affording the litigant an opportunity to magnify his injuries or suffering and enhance the damages by incompetent, self-serving statements in effect carried before the jury by the expert and bolstered up by his opinion."

Appellee has filed no briefs. For the errors discussed, the judgment of the lower court is reversed, and the cause remanded for a new trial.

Reversed and remanded.