**WININGER et ux. v. SECURITY MUT. CASUALTY CO.**

No. 13791.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 23, 1938.

Rehearing Denied Nov. 4, 1938.

Houtchens & Houtchens, Ardell M. Young, and J. Harold Craik, all of Fort Worth, for appellants.

Thompson & Barwise and Seth Barwise, all of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

Mrs. Eva Wininger sustained a personal injury in the course of her employment for Libby, McNeil & Libby, engaged in the meat packing business in the City of Fort Worth. Her employer carried a Workmen's Compensation policy, issued by the Security Mutual Casualty Company, and she and her husband, A. W. Wininger, instituted this suit against that company to recover compensation for such injury.

The case was tried before a jury, who returned findings on numerous issues submitted. According to those findings, Mrs. Wininger sustained an accidental injury to the middle finger of her right hand, in the course of her employment by Libby,

McNeil & Libby. That injury did not cause a total loss of the use of her finger, but a partial loss only, but by reason thereof, she had suffered 50 per cent incapacity, which had existed for 16 weeks; and at the time of the trial, she had entirely recovered from her injury and was then able to do the same character of work she was performing at the time of her injury, and able to perform the usual tasks of one engaged in the same or similar occupation. Damages found for such partial loss were fixed at $3.50 per week, aggregating $56, and judgment was rendered for that amount, plus $7.28 interest.

The jury made findings adverse to the plaintiffs on further issues tendered in their pleadings and having support in their testimony to the effect that the injury to the middle finger also caused an injury to her right arm; that her finger was injured as a result of being struck by a basket of meat in the hands of a coemployee, which caused her to lose her balance and fall, and the fall wrenched her back; that her right hand had been practically useless ever since the accident and she had never recovered from the injury to her back, and by reason of those injuries she had suffered permanent partial incapacity to do her work; and at the time of the accident plaintiff was 36 years old, enjoying sound health and physically able to perform all the duties of her employment in an efficient manner.

The only assignments of error presented here are to the exclusion of certain testimony of Dr. Frank P. Smith, which was offered by plaintiffs in support of the allegations last noted.

According to testimony of Dr. Smith, heard by the court in the absence of the jury to determine whether or not it was admissible, he examined Mrs. Wininger at her request the day following the day of her alleged injury, and also one day before the first trial of the case, and had examined and treated her some 18 or 20 times since then, his last examination being made the day before the last trial, knowing at the time that he would be called to testify to what he then discovered. His testimony so given before the court was at considerable length, but briefly stated, was to the effect that on his first examination Mrs. Wininger related to him the history of her injury and from such and the symptoms of her injury discovered by him on his several examinations, his opinion as to her injuries and the effect thereof was formed.

He further testified that he found the middle finger on her right hand badly swollen and sensitive to pressure, and also found the same sensitiveness in certain muscles in her back; and in his opinion the injuries so discovered impaired her ability to efficiently perform the duties of her employment, and were of a permanent character. He further testified that the history of her injury so given to him entered into the conclusion so reached, to some extent.

After hearing such testimony, and after the jury was returned to the court room, the court sustained defendant's objection to its introduction by plaintiffs, on the ground that it was based in part on the hearsay statements of Mrs. Wininger.

According to testimony of Drs. McKnight and Beall, witnesses called by defendant, Mrs. Wininger's finger was still swollen at the time of the trial, although Dr. Beall was of the opinion that it was not so serious as to interfere with her ability to work, and that it was temporary. Dr. McKnight had reset the dislocated finger immediately after the accident, and testified it should have been healed within 8 weeks. Another doctor testified that the finger had become infected from the injury.

Both plaintiffs also testified to that condition of the finger and also to the alleged back injury in the region that Dr. Smith found sensitiveness, evidenced by flinching of the patient when he pressed his finger upon the nerves, and further, that Mrs. Wininger was 36 years of age at the time of her injury, and in perfect physical condition. It was not disclosed in Dr. Smith's testimony just what was said by the patient in relating to him the history of her injury. However, she testified on the trial that while working she was accidentally struck by a meat basket in the hands of a co-employee, which caused her to fall, and in falling her finger struck a water fountain and was bent against the back of her hand and her back was wrenched; and we are cited to no testimony in the record tending to contradict her testimony as to how the accident occurred.

That the court erred in excluding the testimony of Dr. Smith, we believe, is definitely settled by the recent decision of our Supreme Court, in Walker v. Great Atlantic & Pacific Tea Co., 112 S.W.2d 170.

The facts noted differentiate this case and the decision just cited from the decisions relied on by appellee, such as Texas & N. O. R. Co. v. Stephens, Tex.Civ.App., 198 S.W. 396; Texas Employers' Ins. Ass'n v. Wallace, Tex.Civ.App., 70 S.W.2d 832; and other decisions cited in those cases; also from the decision in Republic Underwriters v. Lewis, Tex.Civ.App., 106 S.W.2d 1113, in which it was held to be reversible error to admit the testimony of two doctors to plaintiff's diseased condition, because those doctors, at the request of plaintiff's counsel, examined him before the trial, not for treatment but solely for the purpose of testifying in the trial, and the opinions testified to were based on plaintiff's declarations as to his subjective symptoms and radiograph findings made by another doctor. See, also, Traders & General Ins. Co. v. Burns, Tex.Civ.App., 118 S.W.2d 391.

We sustain other assignments of error to the exclusion of Dr. Smith's opinion as an expert witness, in answer to hypothetical questions tending to show that if the facts as testified to by Mrs. Wininger, with respect to her injuries, were in substance true, then such injuries in the opinion of the witness were of permanent duration, and that by reason thereof she was totally disabled from performing the work she was doing at the time of her injuries. Dr. Smith had fully qualified as an expert witness and the facts stated as a basis of the opinion sought were substantially as testified to by Mrs. Wininger. 19 Tex.Jur. p. 437, and authorities there cited.

For the errors noted, the judgment of the trial court is reversed and the cause remanded.

### On Rehearing.

As pointed out in appellee's motion for rehearing, the statement in our original opinion, that Dr. Smith examined Mrs. Wininger at her request the day following the day of her alleged injury, was error, and the same is now here withdrawn.

It is also true, as pointed out in the motion, that Dr. Smith did not testify that he had ever treated Mrs. Wininger for her injury at any time, his testimony being confined to what he discovered upon his examinations of her. It is further true that the first examination he made of plaintiff was immediately before the first trial of the case, which was about a year and five months after her injury, and after she had been treated by Dr. Hodges McKnight immediately after her injury, and by him some 25 times thereafter; by Dr. Bell four or five times, at the Cook Memorial Hospital; by Dr. Acola two or three times; and by Dr. Shoemaker every day for two or three weeks.

In the opinion of Dr. Acola, a dentist, the soreness in plaintiff's arm and back indicated neuritis, probably resulting from pyorrhea, on account of which plaintiff had lost her teeth.

We believe it manifest from Dr. Smith's testimony that the two examinations he made of Mrs. Wininger immediately before the two different trials of the case were procured by her for the sole purpose of using his testimony upon those trials. And if his testimony as to conditions he discovered on those examinations had been confined solely to her statements to him of her injury and her subsequent sufferings and inability to work, then his opinions as to the probable results thereof would have been inadmissible under the doctrine of such decisions as Texas & N. O. R. Co. v. Stephens, Tex.Civ.App., 198 S.W. 396; Texas Employers' Ins. Ass'n v. Wallace, Tex.Civ.App., 70 S.W.2d 832; Republic Underwriters v. Lewis, Tex.Civ. App., 106 S.W.2d 1113, and other decisions cited in those cases.

The underlying reason for the decisions cited is that to admit the opinions of the doctor under such circumstances would be to put before the jury self-serving, hearsay statements of the plaintiff.

But such decisions do not exclude opinions of the doctor based on objective symptoms discovered by him upon examination, independently of the history of the injury, related to him by the patient. Traders & General Ins. Co. v. Burns, Tex.Civ.App., 118 S.W.2d 391, and cases cited.

According to testimony of Dr. Smith, his opinions, to which objections were sustained, were based upon objective symptoms discovered by him upon his examinations, to wit, a swollen finger and tenderness in arm and back, evidenced by flinching of the patient when muscles were manipulated. He diagnosed the soreness in arm and back as neuritis, resulting from injury to the finger.

His admission that the history of her injury, related to him by plaintiff, entered somewhat into his opinions, did not necessarily forbid introduction of the opinions, especially so in absence of any showing

here as to what facts were included in the history so given.

█ Nor can we say, as insisted by appellee, that the record clearly discloses that examinations made of plaintiff by Dr. Smith on other occasions than just before the two trials, were procured by her for the sole purpose of using his testimony of what he found in those examinations as evidence on the trial.

The appellee's motion for rehearing is overruled.