## TEXAS EMPLOYERS INS. ASS'N v. REID.

### No. 4516.

Court of Civil Appeals of Texas. El Paso.

July 10, 1947.

Rehearing Denied Aug. 7, 1947.

Robert M. Turpin and Whitaker, Turpin, Kerr, Smith & Brooks, all of Midland, for appellant.

John J. Watts, of Crane, for appellee.

McGILL, Justice.

This is an appeal from a judgment of the district court of Crane County, awarding appellee, an employee of B. F. Weekley, a recovery as compensation under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., for injuries sustained by him, against Texas Employers Insurance Association, the insurance carrier. The case was tried to a jury.

Appellant presents fifteen points. The first to fifth complaint of trial errors relating to appellee's testimony. Appellee alleged that he was accidentally injured on November 29, 1945. On direct examination he testified without objection that on December 6th he went to Dr. Meunk; that a swelling had started in his groin, perhaps as large as the end of a thumb, and when he went to Dr. Meunk it was enlarged and swollen and had blood in it; that the doc-

tor examined him, put him under observation, kept him in the hospital for four days perhaps trying to dissolve the swelling which was as large as two fingers when he had to operate on it and drain the blood out; that the doctor later operated on him for hemorrhoids; that the doctor prescribed a belt—a suspensory belt to go around his back, with a pad to keep the pressure off of his spine. When told to demonstrate to the jury where he had pain he said: "Right about the belt line (indicating) above the third or fourth lumbar vertebrae, I believe the doctor said, about the belt." On cross examination it developed that appellee had selected Dr. Meunk as his doctor, whereupon appellant moved the court to strike all of his testimony as to what Dr. Meunk did or said on the ground that it was hearsay. This objection was overruled. Subsequently in a colloquy between the court and appellee's counsel, the court remarked that he saw no harm in appellee's testimony that Dr. Meunk told him to have a support or belt, which he had obtained and worn. Appellant excepted to this remark as a comment on the weight of the evidence. After the evidence was closed and before the charge was read, the court verbally instructed the jury to disregard the testimony of plaintiff with reference to statements made to him by Dr. Meunk and the action of the court in refusing to strike such testimony.

The court's refusal to strike all of the above testimony as to what Dr. Meunk said and did in the course of his examination and treatment at the time the motion to strike was made; the judge's comment on the testimony above referred to; the court's failure to include in the instruction given the testimony relating to Dr. Meunk's examinations, prescriptions and treatments and the giving of such instruction at the time and in the manner it was given and in failing to grant appellant's motion for a mistrial because of such errors are the first five points, in substance.

Appellee's claim for compensation was grounded on injuries to his back. We reproduce a portion of the petition pertinent to the matters hereinafter discussed.

" * * * as a result of said accidental injury plaintiff sustained the following injuries: Plaintiff alleges that 'as a result of said accident he suffered a complete fracture of the entire body of the fourth lumbar vertebrae; that there is a jamming of the fourth lumbar vertebrae on the fifth with injury to the cartilagenous disc between these two vertebra, together with a lipping of the anterior surface of both the fourth and fifth lumbar vertebra, and plaintiff alleges that as a result of said accident that the nerves, muscles and ligaments of his back were injured, bruised and strained. Plaintiff further alleges that in the region of his groin a short time after his injury he ruptured a blood vessel in the left inguinal region which was operated upon and plaintiff alleges his injuries have affected his entire body and health and that as a result of all of the foregoing injuries that he is totally and permanently disabled.' "

It cannot be inferred from appellee's testimony as to what Dr. Meunk did to or for him that the doctor was of the opinion that he had suffered any of the alleged injuries to his back or any injury to his back. Indeed, if such testimony has any probative force it negatives any such opinion since the treatment the doctor administered was to eliminate the swelling in the groin and for hemorrhoids, and not for any injury to the back. This is the distinction between this case and Texas Indemnity Insurance Co. v. Allison, Tex.Civ. App., 31 S.W.2d 319 (Wr. Ref.) and Dalton v. Dalton, Tex.Civ.App., 233 S.W. 546, cited and relied on by appellant. In the Allison case the opinion of the doctor inferred from his acts, as disclosed by the employee's testimony, tended to support the employee's contention that he was suffering from no serious, abnormal condition prior to his injury, which was material to his case. In the Dalton case the objectionable testimony clearly disclosed the opinion of the mother of contestant's witness as to the lack of testamentary capacity of the deceased, which was one of the issues in the case. In this case, if appellee's testimony as to what Dr. Meunk did was inadmissible, its admission was harmless error and constitutes no ground for reversal. Oilmen's Reciprocal Ass'n v. Hayes, Tex.Civ. App., 295 S.W. 675 (Wr. Dismissed). Ap-

pellee's testimony, that Dr. Meunk prescribed a suspensory belt to go around his back and that he had pain above the third or fourth lumbar vertebrae "I believe the doctor said" was clearly inadmissible. The prescription of a suspensory belt to go around his back was subject to inference that in the doctor's opinion appellee had suffered a back injury. That he suffered pain where the doctor said was "above the third or fourth lumbar vertebrae" warrants no inference that in the doctor's opinion he had suffered a back injury; it merely more definitely locates the portion of his back where appellee said he suffered pain. In our opinion this testimony and the court's remark that he saw no harm in that portion of it to the effect that the doctor had told appellee to have a support or belt was not inflammatory or so prejudicial that its harmful effect could not have been removed by proper instruction, nor did the court's failure. to so instruct at the time appellant's motion to strike was made and the subsequent effort of appellee's counsel to show that Dr. Meunk had done work for appellant and appellant had made no effort to produce him as a witness, to which timely objections were sustained, so aggravate the error as to render it incurable and necessitate a mistrial. The instruction given at the time and in the manner it was given was sufficient to cure the error and render it harmless. Furthermore, it seems to us that appellant was charged with knowledge that Dr. Meunk was not representing it in examining and treating appellee, and should have objected to the testimony complained of when it was offered on direct examination, and that its motion to strike came too late and it waived the error. We overrule these points.

The sixth and seventh points attack the form of issues relating to the injury (Special Issues numbers 1, 2 and 3) and the eighth and ninth points the form of those relating to incapacity (Special Issues Numbers 4 through 11 and No. 19). Special Issue No. 1 is: "Do you find from a preponderance of the evidence that the plaintiff, Roy E. Reid, sustained an accidental personal injury or injuries on or about November 29, 1945, as alleged in his

petition?" Special Issue No. 2 inquires whether such "injury or injuries" were sustained by plaintiff while working as an employee of B. F. Weekley, and Special Issue No. 3 inquires whether such "injury or injuries" were received by plaintiff in the course of his employment. Special Issue No. 4 reads: "Do you find from a preponderance of the evidence that plaintiff sustained total incapacity for any length of time as a natural result of said accidental personal injury or injuries, if any, received by him on or about November 29, 1945?" Special Issue No. 5 inquires as to the date of total incapacity and is conditioned on an affirmative answer to Special Issue No. 4. Special Issue No. 6 inquires whether the total incapacity is permanent or temporary, and is likewise conditioned on an affirmative answer to special issue No. 4. Special Issue No. 7 inquires as to the duration of total incapacity and is conditioned on an answer of "temporary" to Special Issue No. 6. Special Issues Nos. 8, 9, 10 and 11 inquire as to whether plaintiff sustained partial incapacity as result of such "injury or injuries"; whether such partial incapacity is permanent or temporary, its duration if temporary, and the difference in plaintiff's weekly wage during the period of partial incapacity. Special Issue No. 19 inquires whether the accidental personal injury of November 29, 1945, if any, was the producing cause of the "injury or injuries" to plaintiff's back. The complaint is that these issues were too general and were so broadened by the disjunctive phrase "injury or injuries" that they failed to restrict the jury to issues raised by the pleading and proof, and caused consideration of injuries closely related in time to the incident of November 29th, not involved and shown not to have resulted in any present incapacity. These issues confine the injury or injuries inquired about and the incapacity resulting therefrom to those sustained or received by appellee on or about November 29, 1945. The objection that they caused consideration of injury or injuries closely related in time insofar as it refers to prior injury or injuries is untenable. The only prior injuries suffered by appellee as shown by his testimony were a

muscle strain in his back, received in 1938 while he was employed by Thomas B. Humphrey at Hawley, Texas; a back injury resulting in the removal of the coccyx, received in 1939 while he was employed by S. B. Roberts at Hawley; and another muscle strain in his back when he was working for Burn-Briggs at Camp Barkley. The use of the disjunctive in the phrase "injury or injuries" employed in these issues does not materially change their true import from the usual form suggested in Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280. The difficulty does not lie in the form of the issues but rather because under appellee's testimony above referred to there was danger that the jury might consider the swelling in the groin and perhaps the hemorrhoids, in determining whether or not appellee sustained an accidental personal injury or injuries on November 29, 1945, and whether or not such injury or injuries resulted in incapacity. Appellee admitted by his pleading above quoted that the injury in his groin resulted from the rupture of a blood vessel after the injury of November 29, 1945. He alleged the groin injury as an element resulting in total and permanent disability. Of course, under his pleading he was not entitled to recover for such disability, nor for disability resulting from hemorrhoids, since there was no pleading or proof that the hemorrhoids resulted from any injury or injuries sustained by him. The objections to the issues were very general. They did not specifically call the court's attention to the fact that the jury could and probably would consider appellee's testimony as to the swelling in his groin or his hemorrhoids in answering them, and we think under the holding in Hartford Accident & Indemnity Co. v. Vick, Tex.Civ.App., 155 S.W.2d 664, appellant cannot now complain on this ground. Even though the objections had specifically called the court's attention to this danger we think the issues could not have been framed so as to eliminate the consideration of such testimony entirely. The only way that appellant could have protected itself was that indicated in Southern Underwriters v. Boswell, supra, viz., by objecting to the testimony when it was offered, or requesting that its consideration be limited to its only legitimate purpose as an explanation of why plaintiff did not immediately notice the pain in his back which he claimed was because of the pain which he suffered from the groin and hemorrhoid operations; or by requesting an instruction that the jury disregard the testimony as to the groin injury, the hemorrhoids and the operations except in explanation of plaintiff's failure to notice pain in his back, in considering their answers to those special issues. Appellant made no such request, and therefore failure to so instruct constitutes no ground for reversal. Rule 279, Rules of Civil Procedure.

The tenth and eleventh points complain of that portion of Special Issue No. 1 which refers to plaintiff's petition, because the allegations thereof were in part not supported by proof and the inquiry as to the injury was not confined to proof offered. The applicable portion of the objection was: "Because such issue * * * by reference to the pleading invites consideration of matters not in evidence, and invites the jury to indulge in speculation and conjecture." Hartford Accident & Indemnity Co. v. Vick, supra, is decisive of these points. The objection was to general to call the court's attention to the error complained of, and to raise the points here.

The twelfth point asserts error in the court's sustaining the objection to the following question propounded to appellee's witness, Dr. Bunyard, by appellant on cross-examination: "Now Doctor, if a man has actually been doing some manual labor of ordinary capacity or performability, would you say he was totally and permanently disabled?" There was no error. The question called for the doctor's opinion as to the legal meaning of total and permanent disability. This was improper. Appellant was not denied the right of cross-examination; it could have embraced all of appellee's activities shown by the record in a hypothetical question and asked the doctor whether in view of them he was still of the opinion that appellee was totally and permanently disabled.

The thirteenth point assigns error in the court's refusal to strike the

opinion evidence of Dr. J. A. Bunyard because it was based or hearsay history of the case. On direct examination, in answer to a hypothetical question which included a summary of appellee's testimony of how the claimed accidental injury occurred, Dr. Bunyard testified without objection that in his opinion appellee's trouble was caused by this injury. On cross-examination the following occurred:

"Q. That's right. As I understand your testimony, it is that a strain, with no blow, instead of the type we have talked about, could cause these fractures we have talked about? A. I think it could, the way he described it to me.

Q. You mean the way Mr. Watts described it to you? A. No, the way the man told me, when I examined him."

Thereupon appellant moved that all of the doctor's testimony be stricken. Appellee's attorney then took the witness on voir dire and asked him if he could form an opinion as to the cause of appellee's condition from the hypothetical question and after an affirmative answer restated the hypothetical question, in answer to which the doctor again expressed the opinion that the probable cause of appellee's disability was the injury of November 1945.

Appellant's motion to strike was too broad. It went not only to the doctor's opinion as to cause of the disability but to all of his testimony. It is apparent from the above questions and answers that "the way he described it to me" referred to the "strain" mentioned in the previous question, and not to any other history of the case. Also, since none of the details of what appellee told the doctor were outlined to the jury (Southern Underwriters v. Knight, Tex.Civ.App., 107 S.W.2d 1097 and Wininger v. Security Mutual Casualty Co., Tex. Civ.App., 120 S.W.2d 614) and it appears that his opinion based on the hypothetical question alone was the same as that based on what appellee told him, such opinion was not subject to the attack made upon it. Texas Employers Insurance Ass'n v. Clack, 531(9, 10) affirmed 134 Tex. 151, 132 S.W.2d Tex.Civ.App., 112 S.W.2d 526, loc. cit. 399.

The fourteenth point complains of the court's refusal to strike all of Dr. Bunyard's testimony based on X-ray pictures which were not introduced in evidence. On direct examination Dr. Bunyard testified that he had X-rayed appellee; that the X-rays were properly made and developed and correctly portrayed the region of the body of which they were taken; the X-ray films were marked for identification as plaintiff's Exhibits A, B and C. They were placed in a view box, and without objection the doctor then testified as to his interpretation of them. On cross-examination Exhibits A and B were again placed in view box and used as the basis of cross-examination. After both parties had closed appellant moved the court to strike all of the doctor's testimony insofar as it was referable or related to the X-ray pictures, because based on matters not in evidence. The motion was overruled and exception taken.

This court has said that in this state X-ray pictures are admissible without any expert explanation and are the best evidence of what they reveal; that expert testimony interpreting them is secondary evidence. American Nat. Insurance Co. v. Points, Tex.Civ.App., 81 S.W.2d 762, (Wr. Dis.) In this case it was held that where the X-rays were taken at a hospital outside the state and could not be produced the doctor's testimony as to what they revealed was admissible. In Federal Underwriters Exchange v. Rigsby, Tex.Civ.App., 130 S.W. 2d 1105 (Wr. Dis.) it was held that a physician's testimony based on X-rays made and developed by a technician under his direction and in his presence was admissible although the pictures were not introduced and no one expressly testified that they were correct. An adequate direct or cross-examination of an expert witness as to the interpretation of an X-ray could hardly be afforded, absent the X-ray. Appellant made no objection to Dr. Bunyard's testimony at the time it was given. The X-ray plates were shown by competent evidence to portray the region of the body to which they related, correctly. They were marked as plaintiff's Exhibits A, B and C, placed in the view box and referred to by appellee on direct examination of the doc-

tor. Exhibits A and B were likewise placed in the view box and referred to by appellant on cross-examination of the doctor. If this did not technically amount to an introduction of them it served every purpose that a formal introduction would have accomplished, and appellant was in no way prejudiced. That the reasons which controlled the Supreme Court of Oklahoma in ordering a reversal in Patrick & Tillman v. Matkin, 154 Okl. 232, 7 P.2d 414, 416, cited in the Points case, supra, do not exist here is apparent from the following quotation from the opinion in that case: "We do not hold that it was incumbent upon the defendant to demand the production of the plates in order to have the benefit of this exception. If the objection was properly made, no demand to produce the plates was necessary. We do not sanction a ruling of the trial court permitting a witness to give evidence, over a proper objection, of what he found to be shown by X-ray plates not produced in court and not shown ·by competent proof to be correct representations of the portion of the body examined by aid of the X-rays; when it appears that the evidence thus admitted affects the substantial rights of the parties, such ruling would be error."

Also, appellant knew that the X-rays had not been formally offered and received in evidence when the doctor gave his testimony interpreting them. Since it did not timely object to the testimony on this ground the court did not abuse his discretion in overruling the motion to strike. We overrule this point.

We overrule the fifteenth point, which complains of the conditional submission of appellant's pleaded defense of temporary incapacity. The submission was in all respects identical with that approved by this court in Texas Employers Ins. Ass'n v. Cooper, Tex.Civ.App., 194 S.W.2d 819, in which writ of error was refused, N.R.E.

Finding no reversible error the judgment is affirmed.