## TEXAS EMPLOYERS' INS. ASS'N v. MINTS et al. (No. 7258.)

Court of Civil Appeals of Texas. Austin.
Oct. 3, 1928.

Rehearing Denied Oct. 24, 1928.

Wood & Wood, of Granger, for appellant.
King & York, of Austin, for appellees.

BAUGH, J. This case arose under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309). The appellant brought suit in the district court to set aside an award of the Industrial Accident Board in favor of Mrs. Mary Mints, mother of the deceased employee. Upon answers to special issues submitted to the jury in appellees' favor, the district court entered judgment in her behalf, from which this appeal is prosecuted.

Appellant's first proposition is that appellees' attorneys, who had been granted a portion of the award by the Industrial Accident Board, as authorized by the Compensation Act, were necessary parties in a suit to set aside that award. This question has been foreclosed against appellant's contention in the cases of Texas Employers' Ins. Ass'n v. Fitzgerald (Tex. Civ. App.) 292 S. W. 929; Texas Employers' Ins. Ass'n v. Glass (Tex. Civ. App.) 2 S.W.(2d) 902. Nor is there a conflict between these cases and that of Texas Employers' Ins. Ass'n v. Shilling (Tex. Civ. App.) 259 S. W. 236. In the latter case the Fort Worth Court of Civil Appeals expressly declined to pass upon the question here raised.

■ Appellant's next proposition, however, requires a reversal of the case—i. e., whether there was any evidence, as a matter of law, to sustain the jury's findings fixing liability on appellant.

Lee Bracewell was employed by the Lone Star Ice Company in its plant at Austin, Tex., from October 5 to October 13, 1926, pulling large blocks of ice from the cans in which they were frozen and skidding them into storage. The ice company carried compensation insurance at that time. The evidence does not disclose why he quit work on October 13th nor just when he was taken to the hospital. His mother was called to his bedside at the hospital on October 19th. He then had a badly swollen foot and leg from blood poison, which caused his death on October 23d. There is no evidence as to where he was or what he was doing between October 13th and October 19th. There was evidence that he was in good health and free from any injury up to October 10th.

The only evidence introduced by appellee as to the cause of the injury, if any, which brought about his death, was as follows:

The witness Solon Henderson testified:

"I knew Lee Bracewell in his lifetime. I remember the occasion of his death in October of 1926. I remember that he was working at the Lone Star Ice Company along about the 10th, 11th, and 12th of October of that year. I saw him on or about the 12th or 13th of October, 1926. I had occasion to notice his right foot at that time. It was swollen. It was not discolored in any way, it was swollen, it was bruised. It was red at the time. This redness and swelling was in his toes. That extended about half-way up the foot. Regarding whether I noticed any broken places on his foot where the skin had been rubbed off or anything like that, well, there was a little broken place on the toe, yes, sir. That was on his big toe, right."

The witness C. W. Christenson, who had worked for the Lone Star Ice Company for about twelve years, pulling ice most of the time, testified:

"In regard to explaining to the jury what I mean by pulling ice and the method used there to pull that ice, well, they have got some cans down there what they fill up with water, you see, and put it down in the tank and they stay there for about twenty-four hours, and then when the water is frozen up solid then they have a kind of hook—I think they call it a can dog—and let down the hook on the can, and there is a hole on each side where that fits in the can, and that can is pulled out of the tank. Those blocks weigh about 315 pounds. When you pull them out of that tank there is a way that it could become loosened and fall back; they can if that can dog is not fastened squarely, the dog or lifter. I have had several of them to fall myself. I was not hurt when the block fell, I just got out of the way; you have to watch your step mighty close."

■■ Numerous phases of the Workmen's Compensation Act have been before the courts. Appeals from the awards of the Industrial Accident Board are statutory proceedings, and the statute must be strictly complied with. A liberal interpretation and application must be given this law to effectuate its purposes, but this does not mean that well-settled rules of law are to be disregarded. The statute itself makes the appeal a trial de novo, in which the burden of proof is cast upon the party claiming compensation. It was incumbent upon the claimant to show that the deceased had received some accidental bodily injury; that he received it in the course of his employment; that it grew out of his employment; and that such injury was the proximate cause of his death. This we think she failed to do in the instant case.

■ The evidence fails to show which foot was infected when Bracewell was taken to the hospital. Henderson's testimony related to his right foot, but his testimony does not show where he saw the deceased, whether at work or not. Nor does it show whether such swelling was due to an injury or was the result of blood poison which had already set up in deceased's foot. Blood poison could have started from any one of numerous causes. Nor do we think the testimony of Christenson, in the absence of any further facts or circumstances, of any probative value. The fact that he had seen "several" blocks of ice fall in a period of 12 years does not indicate that it was a common occurrence; and the further fact that he had never been hurt by such in that length of time rather negatives the inference that it was hazardous, or that Bracewell was injured in that manner. At most, all that his testimony showed was that there was a possibility that deceased could have been so injured. This, however, was purely a surmise or conjecture, which is no proof in legal contemplation. In order for evidence to support an inference from circumstances, there being no positive proof whatever as to when, how, or where the deceased was injured, if at all, "its probative force must do more than raise a mere suspicion or surmise of the existence of the fact sought to be established." Texas Employers' Ins. Ass'n v. Herring (Tex. Com. App.) 280 S. W. 740; Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059. Numerous other cases announce this rule.

■■ Article 8306, § 8a, R. S. 1925, prescribes in detail who shall be entitled to recover compensation in such cases. The appellee must bring herself within the classification named in that statute, and, having alleged that the deceased left no heirs at law or beneficiaries who are entitled to compensation other than his mother, appellee herein, it was her duty to show that fact by competent evidence. None of the proceedings before the Industrial Accident Board are in evidence, so we assume that the same parties were before the Board as were before the trial court. This fact distinguishes this case

from that of Ætna Insurance Co. v. Graham (Tex. Com. App.) 284 S. W. 931, relied upon by appellee to sustain its counter proposition that it was the duty of the appellant to make others, if any, who would be entitled to compensation, parties to the suit, it having appealed from the award of the Industrial Accident Board.

We attach no importance to appellant's fourth proposition—that is, that the trial court should have, in the special issues submitted, limited the injuries in question to accidental injuries. The question asked was whether the deceased employee sustained "personal injuries by a block of ice falling upon his foot," etc. When a personal injury is shown, in the absence of proof to the contrary, it is presumed as a matter of law that it was accidental and that the party did not willfully injure himself. If that question had been raised, then a charge upon the question of accidental injury, would have been proper. It is now settled that compensation insurance protects workmen only against accidental injuries. Middleton v. Texas Power & Light Co., 108 Tex. 104, 185 S. W. 556; Southern Casualty Co. v. Flores (Tex. Civ. App.) 294 S. W. 932.

The question asked Dr. Haigler was improper under the circumstances. Without passing upon the sufficiency of its form, which is also questioned, it called for expert opinion on a hypothetical case, not proven. For expert testimony to be admissible in such cases it must be based upon facts supported by the evidence. Under the conclusion we have reached above that there was no evidence as a matter of law that the deceased was injured by a 300-pound block of ice falling on his foot, a question calling for expert testimony as to possible results flowing from such an injury was improper.

The other matters complained of will probably not occur again upon another trial, and we refrain from discussing them here. It appears that the case was not fully developed upon the former trial, and will therefore be reversed and remanded for another trial.

Reversed and remanded.