**KERR et al. v. DORCHESTER et al.**

No. 9720.

Court of Civil Appeals of Texas. San Antonio.

March 11, 1936.

Rehearing Denied May 6, 1936.

Russell & Beaucaire, Church & Graves, Meritt H. Steger, Terrell, Davis, Hall & Clemens, A. J. Lewis, and Stanley Banks, all of San Antonio, for appellants.

Bliss & Daffan, of San Antonio, for appellees.

SMITH, Chief Justice.

It appears from her amended petition filed in the court below that in the year 1929 appellee Bernadine Dorchester opened an interest-bearing account in the City National Bank of San Antonio, and made other deposits in that account from time to time thereafter; that subsequently that bank was consolidated with other banking concerns under the name of City Central Bank & Trust Company of San Antonio; that after the consolidation appellee continued to deposit amounts in the original account which was carried in the new bank; that the latter closed its doors in October, 1931, and its affairs were taken over and liquidated by the state banking commissioner, as provided by statute in such cases; that at the time the bank failed appellee had on deposit in said account the sum of $1,950.71; that in due course appellee filed her claim, as an unsecured claim, for the amount of the deposit with the banking commissioner; that in due course the commissioner paid her a first and final dividend of 40 per cent. of her claim, which she accepted in full settlement of that claim; that she thereupon brought suit against the directors of the defunct bank, and sought to recover of them, individually and jointly, the amount of the difference between the full amount of her deposit and the 40 per cent. thereof paid to her by the commissioner. Some of the directors were afterwards dismissed from the suit and upon a trial she recovered against the remaining defendants, as prayed for. Those defendants have appealed.

Appellee recovered upon the theory that the City National Bank, through an unnamed agent, represented to her that the account in which she deposited her money in that institution was a savings account, as distinguished from what is known as an interest-bearing account, the difference between the two being that a savings account constituted a trust fund, secured by a lien upon all the assets of the bank, whereas an interest-bearing account was not so secured; that upon that representation, supported by other acts and evidence by which the bank held itself out as operating a savings department, appellee was induced to make those deposits; that the consolidated bank, by like means of deception, led appellee to continue and augment the account in that bank; that neither the City National, nor the consolidated bank, in fact maintained a savings department, whereby she was defrauded of the benefit of a lien, and lost 60 per cent. of her deposits; that the defendants, as directors of the bank, and cognizant of the fraud practiced upon her as alleged, became personally liable to her for her loss.

■ Except as to the facts concerning the specific deposit carried in the banks involved, appellee made her proof upon the whole case through the parol testimony of one A. W. Taber and certain documentary evidence produced by him. It appears that Taber, a nonresident, made some sort of investigation into the affairs of the closed City Central Bank & Trust Company, wrote up his findings thereon, and made 100 mimeograph copies of those findings, to which were annexed certain exhibits. One of those mimeograph copies, comprising 19 pages, together with the annexed "exhibits," was introduced in evidence by appellee, over appellants' strenuous objections. It appears that Taber's "findings" were based by him upon the annexed exhibits, one of which, containing 370 pages, was alleged to be a photostatic copy of an inventory, purporting to have been made by the state banking commissioner, of the assets and liabilities of the City Central Bank & Trust Company. Another "exhibit" to Taber's "findings," containing 91 pages, was claimed by him to be a photostatic copy of a bank examiner's report of the condition of said bank at the close of business on December 6, 1930. Taber's "findings" or report seems to have been his summary of, or conclusions deduced by him from, those exhibits. It consisted of a mass of data, purporting to show, on the one hand, the face value of securities constituting the assets of the bank, and, upon the other, their reasonable, or market, value, presumably at the time of the preparation of the report. These data were interspersed with Taber's interpolations, comments, opinions, upon the actual condition of the bank's affairs, with reference to solvency. At first all the documents were admitted over appellants' objections. Afterwards, upon appellants' renewed protests and motions, the court directed the jury to disregard and not consider Taber's "conclusions," but that such exclusion did not apply to matters of fact found and testified to by the witness upon which he sought to base his own conclusions. Appellants then requested that those conclusions be deleted from the document before it went to the jury room, but the court refused this request, upon appellee's insistence, and the entire document, conclusions and all, were taken and kept by the jury in their retirement. We are of the opinion that the transaction constitutes such gross error as to require reversal. The documents which were the sole source of the witness' findings and testimony purported to be photostatic copies of official reports on file in the office of the state banking commissioner and the county clerk of Bexar county, respectively, and the best evidence of their contents were, first, the originals when presented in court by the public official in whose custody they were reposed by law; and, second, by certified copies under the hand and seal of such official. Articles 3737, 3737a, Vernon's Ann. Civ.St. Certainly purported copies presented by a stranger to the bank as well as the banking department, without any sort of official authentication, were not admissible in evidence over appropriate objections such as were made by appellants in the court below and now urged on this appeal. 36 Tex.Jur. p. 664; 7 R.C.L. p. 154.

■ The testimony of the witness Taber and the several exhibits introduced in connection with his testimony related solely to the question of the insolvency of the bank, which was alleged by appellee as one of her two grounds for recovery. Appellee, however, abandoned this ground of recovery. She made no request for its submission to the jury, nor did the court submit it upon its own motion. When this developed, appellants renewed their motion to strike the Taber testimony and the documentary evidence upon which it was based, for the reason, in addition to those originally stated, that, appellee having abandoned that ground, the evidence was immaterial and prejudicial. The court denied the motion, and all the evidence remained with the jury, under the implied instruction from the court that they could take it into consideration in determining the other, and remaining, issue in the case. There can be no doubt that the evidence, even though it had been admissible in the first instance, was rendered immaterial by appellee's abandonment of that issue. It is equally certain that it was highly prejudicial to appellants. The court therefore erred in refusing to strike, on appellants' timely motion, and the error was rendered doubly harmful by being stressed by counsel for appellee in their argument to the jury.

■ The testimony of Taber that the bank was insolvent was inadmissible over appellants' objection that the witness was not qualified to so testify. Taber testified to the insolvency of the bank upon his conclusions that the reasonable, actual, or market value of the securities of the bank was far less than the face value, going over the bank's assets, item by item, and giving his

opinion of the depressed value of each item. It developed that the witness had no sort of personal knowledge of those values, particularly of those items secured by real property, not one parcel of which he had ever seen or heard of, except as they were listed in data prepared by, and upon the information of, others. The court erred in admitting such opinion testimony, over appellants' objection that the witness had not shown himself qualified to give it. We sustain appellants' eleventh and twelfth propositions.

█ It appears, generally, that the affairs of the closed bank have been finally liquidated, resulting in the payment, by the banking commissioner, of 40 per cent. of each unsecured claim. It is contended by appellants that appellee filed her claim as an unsecured claim, and collected her full proportion of the dividends paid upon claims in that class. Appellants assert that by filing her claim in that class she thereby elected her remedy, and that by not filing claim as a secured one, and by accepting payment as upon an unsecured claim, she cut herself off from the remedy of prosecuting this suit against appellants as upon a secured claim. The record, as presented in the briefs of the parties, is not clear as to the facts upon which appellants' propositions of law rest, or as to what character of claim appellee actually presented to the banking commissioner. It is deemed sufficient, in view of reversal upon other grounds, to say generally that, if appellee was led, by the conduct of appellants, to deposit or keep her money in a supposed savings department, which did not actually exist, and that she lost any part of her deposits by reason of that conduct, then appellants would be liable to her for any loss proximately caused by appellants' conduct. Scale v. Baker, 70 Tex. 283, 7 S.W. 742, 8 Am.St.Rep. 592, 3 Rose's Notes on Tex. Rep. 799, and authorities there cited.

█ Apropos of appellants' second proposition it is deemed sufficient to say that there appears to be no reason why the rule enabling joint tort-feasors to exact contribution of each other should not apply in this case, depending, of course, upon the facts ultimately established and the status of the respective parties. We sustain appellants' tenth and twenty-third propositions, and overrule the seventh, but, in view of another trial, and upon the assumption that the parties will replead, it is not.

deemed necessary to discuss or pass upon appellants' remaining propositions.

The judgment is reversed and the cause remanded.