segregated and not confused with admissible testimony.

We adhere to the conclusion stated in our original opinion that the evidence regarding the predicate upon which to admit the dying declaration of deceased made at the hospital in Kerrville raised an issue which the trial court properly submitted to the jury. We are convinced of this after a painstaking re-examination of the entire statement of facts. Certainly this court, in view of the record, is in no position to say as a matter of law that deceased was not conscious of approaching death when the statement was made.

Other questions suggested in the motion for rehearing have not been overlooked. It is not thought necessary to discuss them.

The motion for rehearing is overruled.

### REED et al. v. BARLOW et al.
No. 11040.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 23, 1941.

Rehearing Denied Jan. 21, 1942.

**934**

D. S. Purl, B. Ray Smith, and Dean B. Kirkham, all of Corpus Christi, for appellants.

Seale & Wood and Kleberg, Eckhardt & Lowe, all of Corpus Christi, for appellees.

SMITH, Chief Justice.

This is an action for damages alleged to have been sustained by lessors on account of the admitted failure of their lessees to offset producing oil wells on adjoining leases. On this theory Barlow and another, lessors, recovered damages of T. S. Reed and others, lessees, and the latter have appealed. Trial was by jury on special issues.

The parties have ignored the requirement (in Rule 421, Rules of Practice and Procedure in Civil Actions) that "every brief shall contain at the front thereof a *subject index* with page references where the discussion of the points relied upon may be found." (Emphasis ours.)

Under their first point appellants complain of the admission of the opinion of appellees' expert witness Jennings, to the effect that oil in paying quantities could have been produced from the desired "offset," over appellants' objection that "such testimony was based on hearsay and speculation, and was highly improper and prejudicial."

The opinion of the witness Jennings was that oil could have been produced in paying quantities of specific amounts from offsets to certain wells on leases adjoining appellants' lease from appellees. It was upon this opinion of Jennings that the jury found that appellees were damaged in amounts aggregating $3,400 by reason of appellants' failure to drill the offsets.

The opinion of the witness was based upon information obtained by him from others, exclusively, except that the witness had personal knowledge of the approximate times certain producing wells were com-

pleted upon leases adjoining or near that in question. The information obtained by the witness from others consisted of various elements: (1) From what was known as "Schlumbergers," being records of certain electrical surveys or logs of completed wells; (2) reports of oil scouts operating in that vicinity concerning the performance of other wells; (3) reports of production data from wells in adjoining areas; (4) the depth and logs of nearby wells; (5) the cores of sand found in nearby wells, and the number and depth of such sands, and the like.

It appears that the probable geology of given areas is usually and customarily ascertained by operators through the same information resorted to by the witness Jennings in this case, and that operators are governed by such information in determining the locations of wells to be drilled by them. And we may go further and say that when that information is placed in evidence from original or duly authenticated sources, an expert geologist, such as the witness Jennings, may give his opinion, in reply to hypothetical questions based upon such evidence, as to whether oil may be developed by offset wells in given areas.

In this case, however, the Schlumbergers, upon which the witness based his opinion in part, were not in evidence, or otherwise authenticated, and were therefore hearsay for any purpose in the trial of this cause. Jennings also based his opinion in part upon exparte reports he claimed to have received from oil scouts, but as those reports nor the testimony of scouts making them were in evidence, they also were pure hearsay. Jennings also based his opinion in part upon what he claimed employees of operators on other leases told him as to the time of completion, depth, coring, number and depth of sands, and amount of production of other wells in that vicinity—pure hearsay. None of those third persons testified in this case and the truth, authenticity or accuracy of the information they gave Jennings was in nowise established by any sort of evidence. All those sources of information upon which Jennings based his opinion were apparently available upon the trial of this cause, but none were adduced by appellees, upon whom the burden of proof rested.

It is beyond the province of a jury to say oil may be produced in paying quantities from a prescribed small area, solely upon the opinion of an expert based upon hearsay evidence which is withheld from the knowledge of the jury, such as in this case. If opinions of expert witnesses rest upon a combination of specific facts and conditions, the jury ought to be permitted to view those facts and conditions at first hand, in order to properly appraise the value of the given opinion.

The settled rule is that while a duly qualified expert witness may give his opinion based upon sufficient relevant facts, such facts must be within his personal knowledge, or assumed from common or judicial knowledge, or established by evidence; his opinion is without value, and is inadmissible, if based upon facts and circumstances gleaned by him from exparte statements of third persons, and not established by legal evidence before a jury trying the ultimate issues to which the opinion relates. 20 Am.Jur. p. 661, § 787; 19 Tex.Jur. p. 444, § 290; McCormick & Ray, § 632; Annotations in 98 A.L.R. 1109; Kerr v. Dorchester, Tex.Civ.App., 93 S.W.2d 758; Fidelity Union Casualty Co. v. Dapperman, Tex.Civ.App., 47 S.W. 2d 408; Spence v. National Life & Accident Ins. Co., Tex.Civ.App., 59 S.W.2d 212; Anderson v. Caulk, Tex.Civ.App., 5 S.W.2d 816, affirmed 120 Tex. 253, 37 S.W. 2d 1008. The testimony of the witness here in question was in clear violation of the rule.

Appellees contend that appellants waived the point here raised by cross-examining the witness upon the same matter. We cannot allow this contention. Appellants' cross-examination of the witness was designed to elicit and did in fact establish the hearsay nature of his testimony, and appellants vigorously and consistently protested against and sought to exclude the objectionable testimony from the time its hearsay character was disclosed.

We sustain appellants' complaint against the admission of the expert's testimony and as it went to the controlling issue in the case, and probably, if not necessarily, induced the jury's finding thereon, it was clearly prejudicial and its admission over appellant's objection constituted reversible error.

In view of another trial, we deem it appropriate to express the opinion that the testimony complained of in appellants'

fourth point should have been excluded. The remaining points urged by appellants become immaterial.

Because the court erred in admitting the opinion of the expert witness Jennings, the judgment will be reversed and the cause remanded.