## TEXAS EMPLOYERS' INS. ASS'N v. MORGAN et al.

### No. 2508.

Court of Civil Appeals of Texas. Eastland.

April 6, 1945.

Rehearing Denied May 11, 1945.

604

Whitaker, Turpin, Kerr, Smith & Brooks, of Midland, and James Little, of Big Spring, for appellant.

Smith & Smith, of Anson, and Thomas & Thomas of Big Spring, for appellees.

LONG, Justice.

The appellees, Mrs. Hattie Morgan, surviving wife of Steve Morgan deceased, Billie Morgan, Winnell Morgan, Clinton Morgan, and Dianne Morgan, surviving minor children of the said Steve Morgan, deceased, instituted this suit against appellant, Texas Employers' Insurance Association, under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. The case was tried before the court with the aid of a jury. The jury, in response to special issues, found that Steve Morgan sustained an accidental personal injury on the 11th day of October, 1942, while in the course of his employment for Black, Sivalls & Bryson, Inc. That such injury was a producing cause of the death of Steve Morgan, and that it would work a manifest hardship and injustice to the plaintiffs if the compensation was paid in weekly payments, instead of a lump sum settlement. That Steve Morgan had not worked for Black, Sivalls & Bryson, Inc., substantially the whole of the year immediately preceding the 11th of October, 1942. That there were other employees doing the same or similar work as Steve Morgan in the same or a neighboring community who had been employed for substantially the whole of the year, and that their weekly wage was $52.15. The jury fixed the average weekly wage of Steve Morgan at $52.15. The jury further found the death of Steve Morgan was not caused solely by disease independent of the accidental injury. Based upon the above findings, a judgment was entered in favor of the appellees against the appellant for the lump sum of $6,481.36. The appellant seasonably filed its motion and amended motion for a new trial, and upon the overruling of the same gave notice of appeal to this court.

This appeal is predicated upon 8 points. The 6th point, which we will discuss first, complains of the refusal of the court to instruct a verdict in favor of the appellant for the reason, as contended by appellant, that there was not sufficient evidence of probative value to show that the accidental injury of October 11, 1942, sustained by Steve Morgan was a producing cause of his death, or caused or contributed to same. In passing upon this question, we must consider the evidence in its most favorable light for the appellees, disregarding all conflicts and contradictions and allowing every reasonable inference that may be drawn from it in support of their contention. Williams v. Lumbermen's Reciprocal Ass'n., Tex.Civ.App., 18 S.W.2d 1093.

The evidence discloses that Steve Morgan was working for Black, Sivalls & Bryson, Inc., building an oil tank on an oil lease in Howard County on October 11, 1942. That working with him on said tank were M. M. Lancaster and L. D. McSpaden. Lancaster was the foreman on the job, and Steve Morgan and McSpaden were helpers. Morgan and McSpaden were standing on a scaffold that was approximately 8 to 12 feet from the ground suspended on the side of the tank. The bracket slipped and allowed the board on which Morgan and McSpaden were standing to fall. They both fell to the ground and Morgan fell astraddle of the board. Morgan immediately complained of being hurt. McSpaden and Lancaster took him to a hospital in Big Spring, where he received first aid treatment. He was then taken to Headlee Hospital at Odessa. He returned to work in a day or two and worked approximately two weeks. According to the other employees that worked with him after the fall, he complained of being ill and acted like he did not feel well.

From the evidence there is no question but what the deceased received an accidental injury while in the course of his employment for Black, Sivalls & Bryson. The serious question and the one that has given us more concern is whether such accidental injury was shown to be a producing cause of his death. There is considerable medical testimony on the question in the record. We will not attempt to go into detail and set out the testimony of the different doctors and other witnesses who testified in the case. The evidence shows that prior to the time of the accident the deceased was a strong, healthy man and for-

many years had been engaged in performing hard manual labor, and that he had never had any serious illness. He worked for about two weeks after the accident and then went to his home in Rule, Texas. From the testimony of his wife, it is shown that when he arrived home his stomach was so badly swollen he could only button the two bottom buttons of his trousers and could not fasten his belt, although he was wearing the same clothing he was accustomed to wearing. According to her testimony, he seemed to be swollen all over. His legs were bruised. The insides of his legs up near his straddle were black and blue. After he returned home he did no work and stayed in bed most of the time for about two weeks. He vomited a great deal. He was carried to the Stamford hospital on or about the first of November, where he remained until the first of January, 1943, when he was carried to the Baylor Hospital in Dallas. He then went to the home of his wife's brother near Dallas, where he stayed about two weeks. From there he was carried to the Methodist Hospital in Dallas, where he died on the 14th of February, 1943. The evidence further shows that the deceased's condition grew steadily worse from the time he got home from the oil fields at Odessa until his death. There is evidence that Steve Morgan died as a result of leukemia. However, the evidence on this point is not conclusive. There is some evidence that he died of septicaemia or peritonitis. Leukemia is a disease of the blood. From the testimony of the doctors it is revealed that the cause of leukemia is unknown, and that it is always fatal. It is further shown in the record that a fall, such as sustained by the deceased, would likely injury and bruise the spleen and other vital organs of the body, and that such an injury would be calculated to cause septicaemia or peritonitis. The spleen has to do with the proper producing and mixing of the blood. Some of the doctors who testified in the case, being of the opinion that the deceased died from leukemia, could not say that there was any connection between the fall and the death of Steve Morgan for the reason that the cause of leukemia is unknown. Other doctors testified that in their opinion there was a connection between the fall and his death. We believe that under the facts and circumstances that an issue of fact was raised by the evidence on that question, and that the court did not err in overruling appellant's mo-

tion for an instructed verdict. Williams v. Lumbermen's Reciprocal Ass'n., Tex. Civ.App., 18 S.W.2d 1093; Federal Underwriter Exchange v. Brigham, Tex.Civ. App., 184 S.W.2d 849; Texas Employers' Ins. Ass'n. v. Parr, Tex.Com.App., 30 S.W. 2d 305; Norwich Union Indemnity Co. v. Smith, Tex.Com.App., 12 S.W.2d 558; Carter et al. v. Travelers Ins. Co., 132 Tex. 288, 120 S.W.2d 581.

By the fifth point it is claimed that the court erred in permitting Dr. G. E. Hurt to testify as to the cause of the death of Steve Morgan for the reason that said witness based his opinion in part upon the history of the case as given him by Steve Morgan at the time of his examination. It is well settled under the laws in this state that a doctor may testify to both subjective and objective symptoms of his patient if the examination is made for the purpose of treatment. Walker v. Great Atlantic & Pac. Tea Co., 131 Tex. 57, 112 S.W.2d 170. A doctor who makes an examination solely for the purpose of testifying in court cannot base his opinion upon subjective symptoms. Texas Employers' Ins. Ass'n. v. Wallace, Tex.Civ.App., 70 S.W.2d 832. From the evidence it is shown Dr. Hurt made an examination of the deceased for the purpose of testifying in court and also for the purpose of giving him treatment. In fact, he did give him treatment at the time of the examination. Under the circumstances, we believe that the court did not err in permitting the witness to so testify.

By other points it is contended that the court erred in permitting the witness Dr. W. R. Snow to testify to the effect of the fall sustained by Steve Morgan where the hypothetical question included the fact that another party struck him in falling and fell upon his back and shoulders. We believe this contention is well founded and should be sustained. Dr. Snow never saw the deceased. He based his opinion as to the cause of the death of the deceased solely upon hypothetical questions. In asking the question as to the effects of the fall he received, counsel for appellee included in such question the fact that a man fell upon the shoulders or neck of the deceased at the time of the fall. That portion of the hypothetical question is not supported by the evidence. Dr. Hudson testified that the deceased told him at the time he entered the Stamford hospital, some 30 days after his injury, that a man did fall

upon his back or shoulders. This evidence was admissible for one purpose only, and that was as a history of the case given to Dr. Hudson upon which he might base his diagnosis of the illness of the deceased. It was not admissible to prove that a man did fall on the back or neck of the deceased. Not only that, the evidence from all of the eye witnesses to the accident shows that a man did not fall upon deceased. Hypothetical questions must be based on facts proved, and when such facts are not proved the answers to such questions are speculative and not pertinent to the issues in the case. Hicks v. Galveston, H. & S. A. R. Co., Tex.Civ.App., 71 S.W. 322; Missouri K. & T. R. Co. v. Williams, 63 Tex.Civ.App. 368, 133 S.W. 499; American Glycerin Co. v. Kendridge Oil Co., Tex.Civ.App., 295 S.W. 633; Texas Employers' Ins. Ass'n. v. Mints, Tex.Civ.App., 10 S.W.2d 220; 32 C.J.S., Evidence, §§ 536, 551.

The issue as to the cause of the death of Steve Morgan was sharply drawn and hotly contested. It will be readily seen that it would make a vast difference whether a man fell upon the back or shoulders of the deceased at the time he fell onto the board. We believe under these circumstances that reversible error is shown.

Dr. Southard testified by deposition and a similar hypothetical question was propounded to him by counsel for appellee. His answer thereto was admitted in evidence over the objection of appellant. We believe that such objection should have been sustained. What has been said above as to the hypothetical question propounded to Dr. Snow is applicable here.

■ Complaint is made by appellant to the testimony of Dr. Hudson, wherein he was permitted to testify as to the history of the case given him by the deceased at the time he examined him at the Stamford hospital. No objection was made to this testimony at the time it was offered. Thereafter, counsel for appellant moved the court to strike said testimony from the record. So far as we have been able to determine, the court never acted upon such motion. However, we are of the opinion that this testimony was admissible, even if proper objection had been made thereto under the authority of Walker v. Great Atlantic and Pacific Tea Co., supra.

All other points raised by the appellant have been carefully examined. We find no reversible error in any of them, and they are here overruled.

For the reasons above discussed the judgment of the trial court is reversed and this cause is remanded for a new trial.

### On Motion for Rehearing.

■■ In our original opinion we held that the statement made by the deceased to Dr. Hudson, "that another man fell upon his back and shoulder," was admissible as a history of the case given to Dr. Hudson upon which he might base his diagnosis of the illness of the deceased. We were in error in this holding, and that part of the opinion is withdrawn. We believe that such statement was not admissible if proper objections had been made thereto. The statement was not res gestae. It was made some thirty days after the accident. A history of the case given by an injured person to a physician for the purpose of enabling such physician to properly diagnose his case is ordinarily admissible. However, there are certain exceptions to this rule, one exception being when such statements relate to the disputed issue of how the injury occurred. Missouri K. & T. R. Co. of Texas v. Smith, Tex.Civ.App., 82 S.W. 787; Lumbermen's Reciprocal Ass'n. v. Adcock et al., Tex.Civ.App., 244 S.W. 645; 67 A.L.R. page 25. This exception was recognized in Walker v. Great A. & P. Tea Co., 131 Tex. 57, 112 S.W.2d 170.

The statement was hearsay, incompetent, not legal evidence and should not have been included in the hypothetical questions propounded to Dr. Snow and Dr. Southard. Reed v. Barlow, Tex.Civ.App., 157 S.W.2d 933.

In response to motions for rehearing filed by both appellant and appellees, we have again carefully reviewed the record in this case and adhere to the rulings made in our original opinion, except as above indicated.

The motions for rehearing are overruled.