## GAINES v. STEWART.
### No. 7798.

Court of Civil Appeals of Texas. Austin.
Jan. 18, 1933.

Rehearing Denied Feb. 8, 1933.

Collins, Jackson & Snodgrass, of San Angelo, for appellant.

Upton & Upton, of San Angelo, for appellee.

BAUGH, Justice.

Suit by Stewart against Gaines for damages to his car and for personal injuries resulting from a collision between his car and a truck owned by Gaines and being operated over a public highway in Tom Green county. Upon the jury's answers to special issues, judgment was rendered in favor of Stewart for $3,604; hence this appeal.

Appellant's first proposition is that it was error to permit Dr. Nibling, who treated Stewart in May, 1929, for his injuries at the time same were received, to testify as to what Stewart told him in May, 1930, approximately one year thereafter, about pains he was then suffering in his knees and legs; because such examination and statements so made in 1930 were not for purposes of treatment, but for the purpose of enabling Dr. Nibling to testify in this suit concerning the injuries theretofore received, the continuing nature of same, and the probable future disability of Stewart resulting therefrom.

We think this contention should be sustained. Dr. Nibling testified that he did not examine Stewart in May, 1930, for purposes of treatment, but to enable him to testify as a witness; and that he had discharged Stewart from treatment for his injuries nearly a year before. It does not appear that Dr. Nibling attempted to discover whether such pains existed in Stewart's legs other than by Stewart's own statements to that effect. These facts and circumstances we think bring such testimony under condemnation of the rule against hearsay and self-serving declarations. T. & N. O. Ry. v. Stephens (Tex. Civ. App.) 198 S. W. 396 (writ dismissed) is a case directly in point. In Wheeler v. Ry. Co., 91 Tex. 356, 43 S. W. 876, the same issue was raised, and, though the Supreme Court declined to pass upon it because not properly presented, the court did intimate that such testimony was inadmissible. And in M., K. & T. Ry. Co. v. Johnson, 95 Tex. 411, 67 S. W. 768, a state of facts substantially identical with the instant case, the writ was granted upon the exact question here presented. While the court held in that case that the issue was not properly raised, it clearly committed itself to the view that such declarations under such circumstances are not admissible. A very complete and exhaustive set of annotations from numerous state and federal decisions on this question is to be found in 67 A. L. R. 10. See, also, 17 Tex. Jur., §§ 245 and 272, pp. 589 and 649.

The test in such case appears to be whether the motive and opportunity to fabricate without detection the symptoms complained of is presented. Undoubtedly a qualified physician can testify as to symptoms and conditions of injury or disease made known to or discovered by him in his treatment of his patient. Or to such conditions as he finds in the patient from his own independent examination of him. But where an injured party, for the express purpose of qualifying a physician to testify in his behalf about matters on which such party seeks a recovery, makes statements as to subjective matters of pain, suffering, etc., not disclosed to the physician by other and independent means, there exists both motive and opportunity for the patient to magnify or feign injuries. Under such circumstances his statements become clearly self-serving and hearsay, and should not be admitted.

The next proposition complains that it was error to render judgment against appellant because the issue of ownership of the truck was not submitted to the jury. There

was no error in this. It was not a disputed issue. The evidence is uncontradicted that appellant owned the truck in question and that Stayton, the driver at the time of the collision, was his servant acting within the scope of his employment. It was not necessary, therefore, to submit such issue to the jury. Livezey v. Putnam Supply Co. (Tex. Civ. App.) 30 S.W.(2d) 902 (writ ref.); Emergency Clinic v. Continental Inv. Co. (Tex. Civ. App.) 41 S.W.(2d) 640, 641; Berryman v. Norfleet (Tex. Civ. App.) 41 S.W.(2d) 722; Stedman Fruit Co. v. Smith (Tex. Civ. App.) 45 S.W.(2d) 804; Article 2190, Rev. St. 1925, as amended by chapter 78, p. 120, Acts Reg. Sess. 42d Leg. (1931), Vernon's Ann. Civ. St. art. 2190. This was not an independent ground of recovery, but merely one of the elements in plaintiff's cause of action. No request was made that it be submitted. See Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; I. T. A. v. Bettis (Tex. Civ. App.) 52 S.W.(2d) 1059, 1061 (writ ref.)

Appellant's next proposition raises the issue of misconduct of the jury, in that one juror informed the others that under the law Gaines had to carry insurance on his truck, and that the insurance company, and not Gaines, would have to pay whatever judgment Stewart recovered. This statement was also reaffirmed as true by another juror. Three jurors testified on motion for rehearing that the matter of Gaines having insurance was discussed in the jury room. Two of these jurors, Rice and Key, denied that it in any manner influenced their verdict. The juror Schrum, while he testified on cross-examination that he would not render a larger verdict against an insurance company than he would against an individual, also testified, among other things, with reference to the matter of insurance discussed in the jury room, as follows:

"Q. Is it not a fact you were influenced in how you would answer those questions by considering whether or not Mr. Gaines had insurance? A. To be plain, I hung the jury for awhile on account they were giving him more than I thought we had evidence to justify.

"Q. Why did you agree to the sum you did agree to? A. The main thing was, they were all against me on it.

"Q. What other reason? A. I thought, and knowing they always carried insurance—I knew according to law he had to carry insurance—and at the start nobody seemed to know whether they did or not, and I had in my mind that they did."

And on cross-examination further:

"Q. You gave in because there were eleven against you? A. I gave in to that and what I had in mind too.

"Q. You would not go into the jury box and willingly render judgment against one party more than you would another? A. No, sir.

"Q. In agreeing to the sum you did agree

upon, were you or not influenced by your belief that Mr. Gaines had insurance? A. I knew it was the law for them to have it.

"Q. In agreeing to that sum did you or not consider that fact? A. I cannot say positively, but it is bound to have had a little influence on me."

It has been repeatedly held that injection into the jury's deliberations of extraneous matters not in evidence and prejudicial in character is ground for reversal, unless it appears that no injury to the losing party resulted. And this is particularly true where the jury is informed that some insurance company, and not the defendant named, is to bear the loss, and such information, not in evidence, influenced the jury's verdict. See D. & H. Truck Line v. Lavallee (Tex. Civ. App.) 7 S.W.(2d) 661, 663, and cases there cited and discussed; Moore v. Ivey (Tex. Com. App.) 277 S. W. 106; Great West Mill & El. Co. v. Hess (Tex. Civ. App.) 281 S. W. 234; Red Star Coaches v. Lamb (Tex. Civ. App.) 41 S. W.(2d) 523; S. H. Kress & Co. v. Dyer (Tex. Civ. App.) 49 S.W.(2d) 986, 989.

Injection of such extraneous matters, prejudicial in nature, by one or more of the jurors, clearly constitutes misconduct; and where there is any reasonable doubt as to its injurious effect the verdict should be set aside. Casstevens v. T. & P. Ry. Co., 119 Tex. 456, 32 S.W.(2d) 637, 73 A. L. R. 89; Moore v. Ivey, supra; Small v. Taylor (Tex. Civ. App.) 54 S. W.(2d) 151, 153. Not only was a doubt raised as to other jurors, but we think it clearly appears from the above-quoted testimony of the juror Schrum that his verdict was influenced by the purported information that insurance protected the defendant against liability.

Appellee contends that, since the evidence showed that appellant operated three trucks under a permit, he was required by law to carry liability insurance under Acts 42d Leg. (1931) p. 480, c. 277, § 13 of amendments to article 911b, Vernon's Ann. Civ. St.; that the jurors were presumed to know the law; and that, therefore, no misconduct should result from their discussion of what the law requires. Numerous cases are cited holding that in such cases, where insurance is carried, the insurance company is a proper party to the suit.

However, the record does not sustain appellee's contention. The act cited applies to "motor carriers" and "contract carriers" for hire over the public highways. The evidence in this case shows that Gaines was in the produce business, owned the trucks in question, and hauled his own produce over the highways. There was no evidence that he hauled anything for others for hire. If not, then the requirement of the statute cited that he carry insurance did not apply to him. Under such circumstances and the settled line of decisions, we think the trial court abused his dis-

cretion in overruling appellant's motion for a rehearing.

For the errors pointed out, the judgment must be reversed and the cause remanded. The other error complained of by appellant need not occur upon another trial.

Reversed and remanded.