**LIBERTY INSURANCE COMPANY OF TEXAS, Appellant,**

**v.**

**Golda Gladys LAND, Appellee.**

**No. 16685.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 17, 1965.

Rehearing Denied Jan. 14, 1966.

Brown, Day & Crowley and M. Hendricks Brown, Fort Worth, for appellant.

Mock, Banner & McIntosh and C. Coit Mock, Wichita Falls, for appellee.

RENFRO, Justice.

Plaintiff, Mrs. Golda Gladys Land, brought suit against Liberty Insurance Company to set aside a compromise settlement.

The jury found in answer to issue No. 1 that on August 8, 1961, Mr. Land sustained personal injury while lifting or handling heavy machinery at the Hammon Warehouse, and in answer to issues Nos. 2, 3 and 4 found the injury was accidental, sustained in the course of his employment and was a producing cause of his death.

In answer to issue No. 9 the jury found that Hogan (an adjuster) represented to plaintiff on September 29, 1961, that there was no evidence of an injury to Land. In answer to issue No. 10 the jury found such representation to be false, and in issues Nos. 11 and 12 that plaintiff relied on such representation in making the settlement and accepting and depositing a check in the sum of $2,500.

In issue No. 13 it was found that Hogan concealed material information from plaintiff at the time he obtained the release and in issue No. 15 found that the representation made by Hogan was an honest expression of opinion on his part. In answer to No. 16 the jury found plaintiff was not possessed of as much information as to the cause of Land's death as was Hogan.

In its first eight points of error defendant contends there was no evidence or that the evidence was insufficient to support the answers to issues Nos. 1, 10, 11, 12, 13 and 16.

Defendant also argues that judgment should have been entered for it because of the jury's finding that the representation was an honest expression of opinion on the part of Hogan; that as a matter of law it was a mere expression of opinion because the information was equally open to the parties.

Defendant's point No. 12 complains of the admission of a part of Dr. Trimble's testimony.

We think the controlling question before us is whether the trial court erred in disregarding the finding that Hogan's representation was an honest expression of opinion.

Land was manager of the Producers Supply and Tool Company at Kamay in Wichita County. Part of his duties was to make

delivery of various kinds of machinery, etc., handled by his employer.

It is undisputed that he left the store about 8:00 or 8:30 A.M. on August 8, 1961, to deliver a "wrist pin to an American Jack" to the Hammon Warehouse. When he arrived at the Hammon place he lifted the pin from the trunk of his car and carried it some distance to a concrete platform. The pin weighed 40 or 50 pounds. He, with the assistance of the Hammon workers, had considerable difficulty in installing the pin. Land spent 30 minutes lifting, shoving and moving the pin. After accomplishing the above mission, Land left the Hammon premises.

Between 9:30 and 10:00 A.M. he returned to the store. His wife and three men who worked in and out of the store testified that when he returned he was ill. He complained of severe stomach ache. He did not tell anyone at Hammon's, or, upon his return to the store anything about an accident, injury or strain.

Later in the day he was sent to a hospital. The next day a perforation was discovered in the colon. Surgery was performed. On the 24th surgery was again performed. He died on the 26th.

Hogan, an independent adjuster, agent for defendant, contacted plaintiff on September 16. Plaintiff testified Hogan was nice and sympathetic; that he promised he would make a thorough investigation and bring his findings to her. She, at that time, told Hogan that the doctor had told her that the injury to Land could have been caused by stress and strain. She gave Hogan the names of several people who might have useful information. Because of his manner and attitude she developed confidence in him.

Hogan obtained statements from the three men at the store, and an oral statement from one and a written statement from another of the Hammon employees. He did not interview all the men who had worked with Land at the Hammon lease.

He obtained written statements from the two attending doctors.

He learned of the exertions with the pin by Land at the Hammon place, Land's sudden illness, and the perforated colon. None of the statements referred to any injury or any expression of strain by Land.

Hogan met plaintiff again on September 29. According to plaintiff, Hogan said that he had not found anyone that knew anything "about this", and that the insurance company did not owe her anything. Hogan testified: "I told her that I had talked with all of the men at the store and at the Gulf Warehouse and the Hammon Warehouse, and had obtained the doctors' reports, and there was no indication that he sustained any injury. And I told her that it was not a compensable claim."

The settlement agreement was then executed. The agreement was approved by the Industrial Accident Board and two weeks later plaintiff received and deposited a check in the sum of $2,500, the amount of the agreed settlement.

On the above occasion Hogan did not show plaintiff any of the statements in his possession. He did not tell her about the time and physical effort Land had expended in installing the "pin".

Although plaintiff knew her husband, as a regular part of his job, handled items of various weights, she did not know about the physical exertion that particular morning concerning the pin. If Hogan, she testified, had told her what he had learned about her husband's activities that morning she would not have signed the settlement agreement. The statement from Dr. Trimble obtained by Hogan contained the statement, "There can be little doubt but that he was feeling quite well on the morning of 8 August 1961 and became ill while performing his usual and regular duties." Plaintiff was not informed of this statement. The statement of Dr. Thornton contained the statement: "It is my opinion that spontaneous rupture * * * occurred while

the patient was at work on 8–8–61 and that he was not aware that he had diverticulosis." This statement was not shown or related to plaintiff.

At the first meeting between plaintiff and Hogan he was informed the doctor had said Land's condition might have been caused by lifting some object.

Plaintiff's age was in the middle sixties. She was always a housewife with no business experience.

Hogan was an experienced insurance adjuster. He was familiar with the Workmen's Compensation law.

He did not tell plaintiff the maximum amount of compensation for death, nor any other benefits provided by law.

At the trial, by deposition, Dr. Trimble testified that he saw Land on the afternoon of August 8th. Land told him he developed a severe abdominal pain while doing some lifting.

In Dr. Trimble's opinion it was highly probable that the rupture occurred while Land was working with the pin, and the rupture was the ultimate cause of his death. Dr. Trimble was the surgeon who operated and treated Land.

■ Defendant challenged the admissibility of Dr. Trimble's testimony. The testimony was admissible. The opinion of a physician or surgeon as to the condition of an injured or deceased person is not rendered incompetent by the fact that it is based partly upon the history of the case given by the patient to the physician or surgeon on his examination of the patient, when the examination was made for the purpose of the treatment and care of the patient. Federal Underwriters Exchange v. Carroll, 130 S.W.2d 1101 (Beaumont Civ.App., 1939, no writ hist.); Missouri, K. & T. Ry. Co. of Texas v. Rose, 19 Tex.Civ.App. 470, 49 S.W. 133 (Civ.App. of Texas, 1898, ref.); Texas General Indemnity Co. v. McNeill, 261 S.W.2d 378 (Beaumont Civ.App., 1953, no writ hist.); Austin Road Company v. Thompson, 275 S.W.2d 521 (Fort Worth Civ.App., 1955, ref., n. r. e.).

■ There was ample evidence to support the jury's answers to issues Nos. 1, 9, 10 and 12.

It is clear Hogan made the representation set out in issue No. 9 for the purpose of inducing plaintiff to settle her claim, and that she relied thereon.

In Duncan v. Texas Employers' Ins. Ass'n, 105 S.W.2d 403 (San Antonio Civ. App., 1937, writ dism.), it was held: "The question of the good faith of the physician and agent in making the statements to plaintiff * * * is not material to the case. Since the jury found that those statements were 'untrue,' it does not matter whether the persons making them knew them to be untrue at the time made, for the fact that the statements were not intentionally false would not affect the right of plaintiff to have the release set aside, if she was in fact misled by the statements. Tex.Jur. p. 42 et seq., §§ 22, 23, 24; 36 Tex.Jur. p. 809, § 12; Culbertson v. Blanchard, 79 Tex. 486, 492, 15 S.W. 700." The case holds further that if the releasor is under a present disability, physical or mental, from any cause, such as opinions which by the manner in which they are pressed upon the releasor may amount to statements of fact, the releasor may rely upon them without independent investigation.

In Texas State Highway Department v. Kinsler, 230 S.W.2d 364 (Beaumont Civ. App., 1950, ref.), the court stated: " * * Dr. Greenwood's medical report amounted to legal fraud, even though Dr. Greenwood and the *claim agent* (emphasis added) both believed that statement to be true and correct."

The Commission of Appeals in an opinion adopted by the Supreme Court, Graves v. Hartford Accident and Indemnity Co., 138 Tex. 589, 161 S.W.2d 464 (1942), approved the rule that it is not an essential element of fraud in cases of this character that the party charged therewith must know

**904**

of the falsity of the representation in question.

The contention that misrepresentations of defendant's doctor as to a workmen's compensation claimant's physical condition would not be a sufficient predicate for rescission on the ground of fraud if they were not intentionally made was rejected in Casualty Reciprocal Exchange v. Bryan, 101 S.W.2d 895 (Eastland Civ.App., 1937, no writ hist.), the court saying that an innocent misrepresentation of a material fact, made for the purpose of inducing a settlement, would justify the avoidance of the release induced thereby. See also Jones v. Traders & General Ins. Co., 188 S.W.2d 739 (Eastland Civ.App., 1945, no writ hist.) ; Travelers' Insurance Co. v. Mabry, 179 F.2d 216 (CA 5 Cir., 1950) ; Liberty Mut. Ins. Co. v. Gerald, 170 F.2d 917 (CA 5 Cir., 1948).

In view of the facts of record, the rule that both parties are bound to an agreement made when the means are equally open to them for ascertaining the true facts upon which the agreement is made is not applicable to the instant case.

Admittedly plaintiff knew nothing about investigative work. Hogan did. Plaintiff did not know what kind of evidence would be required to establish the fact that her husband was injured in such manner as to prove that she was entitled to benefits under the Workmen's Compensation law. Hogan said he did know.

Bearing in mind the situation of the parties, Hogan's superior experience and knowledge, plaintiff's reliance upon him, of which reliance he was aware, we hold, in view of the record in this case, that under the cited authorities Hogan's statement, even in the form of an opinion, should be regarded in law as a statement of present fact, and being untrue according to the jury and having deceived the plaintiff, the release was not binding upon her.

All points of error are overruled.

Judgment affirmed.